TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00872-CR






Johnny Adame, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 09-1458-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 After a jury trial, appellant Johnny Adame was convicted of aggravated kidnapping
and evading arrest or detention with a vehicle, and the trial court, in separate judgments, sentenced
him to confinement of thirty-five and ninety-nine years, respectively. See Tex. Pen. Code Ann.
§§ 20.04(a) (West 2011), 38.04 (West Supp. 2011). (1) In this appeal, Adame contends that the
evidence is insufficient to sustain his conviction for aggravated kidnapping. With regard to the
evading-arrest-or-detention judgment of conviction, which included an enhancement for using
the vehicle as a deadly weapon, Adame's court-appointed counsel has filed a motion to
withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that appeal of that
judgment is frivolous and without merit. We will grant the motion to withdraw and affirm the trial
court's judgment.


BACKGROUND

 After robbing a bank in the summer of 2009, Adame led police on a high-speed car
chase through Travis and Williamson counties. When Adame wrecked his vehicle in Williamson
County, he forcibly removed his accomplice, Yolanda Valenzuela, from the vehicle and dragged her
up an embankment with what was later determined to be an air gun pressed against her head. (2) More
than twenty peace officers had their weapons drawn and aimed at Adame and Valenzuela. The
situation ended when a police officer was able to shoot Adame without injuring Valenzuela. At the
time, law enforcement officials did not know Valenzuela was Adame's accomplice in the bank
robbery, but immediately after the stand-off ended, a visibly shaken Valenzuela told officers, "I was
in it for the robbery, but I wasn't in it for this shit."

 Following a jury trial, Adame was convicted of aggravated kidnapping of Valenzuela
and evading arrest or detention with a vehicle. Punishment for the latter charge included an
enhancement for use of a motor vehicle as a deadly weapon. Adame now appeals his convictions
on both charges.


DISCUSSION

 This appeal involves two separate charges brought pursuant to a single indictment and
tried in one criminal proceeding. The criminal proceeding resulted in two judgments rendered under
the same cause number--one based on the aggravated kidnapping charge and the other based on the
evading-arrest-or-detention charge. Adame asserts a single point of error challenging the sufficiency
of the evidence to support the judgment of conviction for aggravated kidnapping, claiming that the
evidence is insufficient to establish that Adame's actions were without Valenzuela's consent and
that Adame intended to use Valenzuela as a shield or hostage. (3) See Tex. Penal Code Ann.
§§ 20.01(1), (2) (definitions of "restrain" and "abduct"), 20.03 (kidnapping), 20.04(a)(2) (aggravated
kidnapping, human shield or hostage) (West 2011). Appellate counsel seeks to withdraw from
representation as to the judgment of conviction for evading arrest or detention, concluding that an
appeal of that judgment is frivolous and without merit. We will consider these matters in turn.


Aggravated Kidnapping

 When reviewing the sufficiency of the evidence to sustain a criminal conviction, we
view the evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App.
2010). Any inconsistencies in the evidence should be resolved in favor of the verdict. Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The sufficiency of the evidence is
determined from the cumulative effect of all the evidence; each fact in isolation need not establish
the guilt of the accused. Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987). The jury
is the exclusive judge of the facts proved, the weight to be given the testimony, and the credibility
of the witnesses. See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Alvarado v. State,
912 S.W.2d 199, 207 (Tex. Crim. App. 1995), overruled on other grounds by Warner v. State,
245 S.W.3d 458, 463 (Tex. Crim. App. 2008). The jury is free to reject or accept any or all of the
evidence presented by either party. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). 
The jury maintains the power to draw reasonable inferences from basic facts to ultimate facts. Welch
v. State, 993 S.W.2d 690, 693 (Tex. App.--San Antonio 1999, no pet.). The reviewing court may
impinge on the trier of fact's discretion only to the extent necessary to guarantee the fundamental
protection of due process of law. Jackson v. Virginia, 443 U.S. at 319.

 To establish "aggravated kidnapping" as charged in the indictment, the jury was
required to find that Adame intentionally or knowingly abducted Valenzuela with the intent to use
her as a shield or a hostage. See Tex. Penal Code Ann. § 20.04(2). (4) "'Abduct' means to restrain a
person with intent to prevent his liberation by:  . . . using or threatening to use deadly force." Id.
§ 20.01(2)(B). "'Restrain' means to restrict a person's movements without consent, so as to interfere
substantially with the person's liberty, by moving the person from one place to another or by
confining the person. Restraint is 'without consent' if it is accomplished by: (A) force, intimidation,
or deception . . . ." Id. (1)(A).

 In this case, a number of witnesses--including police officers and a
bystander--testified that Adame forcefully removed Valenzuela from the vehicle as she resisted, put
her in a "choke hold," led her down the highway toward a populated shopping area, and placed her
body in a manner that acted to shield his body from more than twenty police officers pointing their
weapons at Adame and Valenzuela. The witnesses testified that Valenzuela was visibly distressed
and distraught both during and after the incident. Corporal Gerald Wines of the Austin Police
Department further testified that immediately after Adame was shot, Valenzuela confessed to the
robbery but stated that she "wasn't in it for this shit." Some of these events were also captured on
video, which the jury viewed.

 In addition to the foregoing, the jury heard testimony from Valenzuela that she
suggested to Adame that he take her as a hostage, but she also testified that, before she offered to be
taken hostage, Adame had (1) made several statements indicating to her that he wanted to die rather
than go to prison, (2) stated that he would kill her, (3) refused to stop the vehicle when she asked him
to do so, and (4) pointed his gun at police officers in what she believed to be provocative behavior. 
Valenzuela testified that she did not want to die, she wanted to see her children and grandchildren
again, and she did not want Adame to point his gun at the police officers. She said that she asked
Adame to take her as a hostage so they would not die in a shoot-out with police. Valenzuela said
she consented to her "display" as a hostage--getting out of the car, walking down the road with
Adame pointing the gun at her, and acting like an actual hostage or shield. But she also testified that
she did not consent to being forcefully removed from Adame's vehicle, being placed in a choke hold,
or being used as a shield. Her goal, she testified, was to make it out alive, but she believed Adame
would put her in the pathway of a bullet or would have shot her himself if he had a "real" gun. The
jury also heard Valenzuela testify that, after the incident, she confessed to the robbery and signed a
statement that Adame took her hostage. She admitted that she did not tell police or prosecutors until
about a week before trial that it was her idea to be a hostage.

 It is the exclusive province of the jury to assess the credibility of a witness and to
reconcile inconsistencies in a witness's testimony. See Tex. Code Crim. Proc. Ann. art. 38.04. 
Based on the evidence admitted at trial, the jury could reasonably have disregarded Valenzuela's trial
testimony regarding her consent as not being credible, especially in light of her prior inconsistent
statements and the testimony of several eye witnesses to her and Adame's actions and demeanor
following the conclusion of the car chase. Or the jury could have credited Valenzuela's testimony
that, regardless of whether she initially consented to be Adame's hostage, she did not consent to
being used as a human shield. The jury could likewise have determined that Valenzuela's consent
was itself accomplished by force or intimidation. Considering all the evidence in the light most
favorable to the verdict, a rational trier of fact could have determined beyond a reasonable doubt that
Adame abducted Valenzuela with the intent to use her either as a shield or as a hostage. We
therefore overrule Adame's sufficiency-of-the-evidence challenge.


Evading Arrest or Detention

 Adame's court-appointed attorney has filed a motion to withdraw as counsel for the
appeal of the evading-arrest-or-detention judgment of conviction on the basis that the appeal
is frivolous and without merit. The motion is supported by a brief that meets the requirements
of Anders v. California, 386 U.S. 738, 744 (1967), and presents a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio,
488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App.1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App.1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.1969).

 Adame received a copy of counsel's brief and was advised of his right to examine the
appellate record and to file a pro se brief as to the evading-arrest conviction. See Anders, 386 U.S. at
744. No pro se brief or other written response has been filed.

 We have reviewed the record, including appellate counsel's brief, and find
no reversible error as to Adame's evading-arrest-or-detention conviction. See Garner v. State,
300 S.W.3d 763, 766 (Tex. Crim. App. 2009); Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005). We agree with counsel that the appeal is frivolous with regard to that judgment. 
Counsel's motion to withdraw is therefore granted.


CONCLUSION

 The judgments of conviction are affirmed.


 _________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson


Affirmed

Filed: February 29, 2012

Do Not Publish
1. The evading-arrest statute was amended effective September 1, 2011, but the amendments
are not material to the issues in this case. Therefore, we cite the current statute for convenience.
2. Testimony at trial indicates that an air gun is similar in action to a BB gun. It is unclear
from the record whether Valenzuela knew it was not a "real" gun.
3. Adame also challenges the evidence concerning whether he used or exhibited a deadly
weapon during the commission of kidnapping, which is an independent basis for elevating ordinary
kidnapping to aggravated kidnapping. See Tex. Penal Code Ann. § 20.04(b) (West 2011). We need
not consider this argument, however, because the jury was not asked to consider the use of a deadly
weapon as a basis for convicting Adame of aggravated kidnapping.
4. The indictment also charged Adame with abduction with the intent to facilitate the
commission of a felony or the flight after the attempt or commission of a felony. See Tex. Penal
Code Ann. § 20.04(3). Although the State mentions this ground in its appellate brief, this charge was
not submitted to the jury for their consideration.